# FILED UNDER SEAL

# United States District Court
## for
## the District of Nevada

# PETITION FOR WARRANT
# FOR OFFENDER UNDER SUPERVISION

Name of Offender: **Crystal Sue Cox**

Case Number:  **2:21CR00318**

Name of Sentencing Judicial Officer: **Honorable B. Lynn Winmill**

Date of Original Sentence: **March 16, 2020**

Original Offense: **Use of a Communication Facility to Facilitate**

Original Sentence: **60 Months probation**

Date Supervision Commenced: **March 16, 2020**

Date Jurisdiction Transferred to District of Nevada: **December 20, 2021**

Name of Assigned Judicial Officer: **Honorable Jennifer A. Dorsey**

# PETITIONING THE COURT

☒ To issue a warrant.

The probation officer believes the offender has violated the following condition(s) of supervision:

1. **Do Not Commit Another Crime** - **You must not commit another federal, state or local crime.**

   On October 8, 2021, Cox committed the crime of False Statement to Obstruct Public Officer, a violation of Nevada Revised Code 197.190.

   According to Boulder City Police Department Incident Report for Case 21BC1120, a suspicious male identified as Jason Monson was observed making entry into the home of Cox's grandmother. Due to a series of home burglaries in the area, officers believed

Monson was attempting to break into the home. Officers identified themselves and commanded him to stop entry into the home. Monson did not listen and entered the home garage and closed the door. Officers then went to the front door of the home and knocked on the front door several times until both Cox and her elderly grandmother answered the door. Both Cox and the elderly grandmother adamantly denied that there was anyone else in the home. Officers entered the home and found Monson in Cox's bedroom. Both Cox and Monson were arrested and taken into custody. On October 11, 2021, Cox was released from custody without a bond.

On April 7, 2022, Cox was found guilty in the offense of False Statement to Obstruct Public Officer, a violation of Nevada Revised Code 197.190, a misdemeanor in Boulder City Municipal Court case 21CR002798N-21.

2. **Do Not Unlawfully Use Controlled Substance - You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.**

    A. Cox tested positive for marijuana on the following dates:

    May 3, 2021
    May 6, 2021
    May 17, 2021

    Cox admitted that she had smoked marijuana due to pain from multiple sclerosis

    B. On June 30, 2022, Cox tested positive for methamphetamine and marijuana. Cox signed an admission report and stated that she had been using methamphetamine and marijuana for the last month.

    C. Cox failed to report for drug testing on the following dates:

    July 6, 2020
    July 5, 2022
    July 21, 2022
    July 23, 2022
    July 30, 2022
    August 2, 2022
    August 9, 2022
    August 12, 2022

      August 20, 2022
      August 29, 2022

3. **Must Report As Instructed** - **After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.**

    Cox failed to report as directed to the probation office on the following dates:

    July 6, 2022
    August 15, 2022

4. **Live At Approved Place** - **You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.**

    On June 29, 2022, the undersigned officer attempted to contact Cox at her address of record. Cox's grandmother stated that Cox is no longer living in her home and has been gone for well over a week. Cox failed to report her change in residence.

5. **Work Full Time** - **You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.**

    On July 17, 2022, Cox submitted a monthly report indicating she commenced employment at Towne Storage on June 20, 2022, and that she was still employed there as a property manager.

On August 11, 2022, the undersigned officer contacted the district manager for Towne Storage and learned that Cox's last date was on or about July 12, 2022. The District Manager reported Cox simply quit communicating with her direct manager and stopped reporting to work. Cox never reported her change in employment and provided false information on her written monthly report by claiming to still be employed.

6. **Must Not Interact With Criminals** - **You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.**

    A. As referenced in Allegation #1, On October 8, 2021, Cox and Monson were arrested by the Boulder City Police Department for committing the crime of False Statement to Obstruct Public Officer, a violation of Nevada Revised Code 197.190. Cox did not have permission to be with Monson.

    B. On June 30, 2022, Cox reported to the probation office to meet with the undersigned officer to address her noncompliance. Cox stated she was staying at the Oasis Boutique Motel with her boyfriend, Larry Lashchuk. Cox advised that Lashchuk was recently released from prison and on parole with state authorities. Cox admitted that she and Lashchuk have been using drugs together.

    A background check for Lashchuk shows that he has a rather lengthy criminal history, to include felony convictions for Grand Theft, Possession of Controlled Substance and Theft by Receiving, Possessing, or Disposing. Cox did not have permission to associate with Lashchuk.

7. **Follow Instructions Of Probation Officer** - **You must follow the instructions of the probation officer related to the conditions of supervision.**

    A. Cox claimed to be in the hospital on July 22, 2022, for multiple days; and again, on August 17, 2022, for multiple days. Cox has failed to produce any requested medical records to confirm that she was at any hospital for an extended period. On August 9, 2022, Cox claimed that the hospital had her under a different name which is why she could not provide any verification. As of August 31, 2022, Cox has failed to produce any requested documentation to substantiate this claim.

    B. Cox has been instructed by her officer to call a dedicated phone number nightly to see if she is required to submit to a drug test the following day. Cox was calling inconsistently until July 2022. Cox last called the drug testing line on July 21, 2022.

Cox has failed to follow the instructions of her probation officer by not calling the drug testing line daily.

8. **Must Answer Truthfully** - **You must answer truthfully the questions asked by your probation officer.**

On June 30, 2022, Cox reported to the probation office wherein the undersigned officer confronted her with the knowledge that she is no longer residing at her address of record. Cox initially failed to answer this inquiry truthfully by claiming she is still residing at the address of record, which is her grandmother's. Cox finally admitted she no longer resides at her approved address and has been staying at Oasis Boutique Motel with her boyfriend.

**U.S. Probation Officer Recommendation**:

The term of supervision should be:

☒ Revoked

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on **August 31, 2022**

Digitally signed by Nickie Pipilakis
Date: 2022.09.02 09:01:09 -07'00'

Nickie Pipilakis
United States Probation Officer

Approved:

Digitally signed by Todd Fredlund
Date: 2022.09.01 15:40:43 -07'00'

Todd J. Fredlund
Supervisory United States Probation Officer

***THE COURT ORDERS***

☐     No Action.
X     The issuance of a warrant.
☐     The issuance of a summons.
☐     Other:

Signature of Judicial Officer

9/6/2022
Date

Prob12C
D/NV Form
Rev. March 2017

RE: Crystal Sue Cox

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
## UNITED STATES V. CRYSTAL SUE COX, 2:21CR00318

### SUMMARY IN SUPPORT OF PETITION FOR WARRANT
### August 31, 2022

On March 16, 2020, Crystal Sue Cox was sentenced in the District of Idaho to five (5) years of probation for committing the offense Use of a Communication Facility to Facilitate a Felony, a Class E felony, in Docket Number: 18CR00401-006. On April 28, 2020, Cox commenced probation in the District of Nevada.

As a condition of supervision, Cox was ordered to participate in and successfully complete a substance abuse treatment program, which will include drug/alcohol testing and/or outpatient counseling. On July 23, 2020, Cox provided a doctor note advising that due to COVID-19 and Cox having multiple sclerosis in which her immune system is virtually non- existent, consideration should be given putting her in an environment where she could be exposed. As such, Cox was removed from of our drug testing program which required her to go to our contracted testing facility. The undersigned officer continued to randomly drug test Cox at her home and the probation office.

On May 3, 2021, May 6, 2021, and May 17, 2021, Cox tested positive for marijuana. Cox admitted that she had smoked marijuana due to pain from multiple sclerosis. On September 14, 2021, Cox successfully completed dual diagnosis substance abuse and mental health counseling at our contracted treatment provider.

On October 8, 2021, Cox was arrested by the Boulder City Police Department at her home and charged with False Statement to Obstruct Public Officer, a violation of Nevada Revised Code 52312. On October 11, 2021, Cox was released from custody without a bond.

On November 2, 2021, this office informed the District of Idaho of Cox's violations, and to request transfer of jurisdiction.

On November 5, 2021, the Honorable B. Lynn Winmill of the District of Idaho took judicial notice of Cox's non-compliance and initiated the transfer of jurisdiction for this case.

On December 20, 2021, Your Honor accepted the transfer of jurisdiction of this case.

On April 7, 2022, Cox was found guilty in the offense of False Statement to Obstruct Public Officer, a violation of Nevada Revised Code 52312, a misdemeanor in Boulder City Municipal Court case 21CR002798N-21.

On May 18, 2022, the undersigned officer was alerted that Boulder City Police Department (BCPD) conducted an inquiry on Cox. BCPD stated that Cox may be a suspect in a petty larceny, but nothing has come of the investigation thus far.

On June 3, 2022, the undersigned officer received notification that the Las Vegas Metropolitan Police Department conducted an inquiry into Cox. That same date, the undersigned officer contacted LVMPD and learned they were in the process of drafting an affidavit for warrant for Miguael Orellana to charge him with a series of residential burglaries. During one of the burglaries on October 4, 2021 at 23:13, Orellana was in communication with Crystal Cox. LVMPD queried her information to determine her role in the burglary and any subsequent pawn activity. On June 29, 2022, LVMPD stated they did not have sufficient probable cause to link her with any of the residential burglaries, nor did she match the physical description of one of the suspects and they are not filing any charges against Cox.

As detailed in the petition, on June 29, 2022, the undersigned officer attempted to contact Cox at her address of record. Cox's grandmother stated that Cox is no longer living at her home and she has not been there in well over a week. She stated that she was fed up with all of Cox's lies and believes Cox is involved in illegal activity. The grandmother further reported she is dating a guy that was just released from prison.

On June 30, 2022, Cox reported to the probation office to meet with the undersigned officer to address her noncompliance. After being confronted with the knowledge she is no longer residing at her grandmother's house, Cox admitted she has been staying at the Oasis Boutique Motel with her boyfriend, Larry Lashchuk. She further reported that Lashchuk is a felon and under state parole supervision. During the office visit a drug test was administered wherein cox tested for methamphetamine and marijuana. Cox stated she has been using drugs with Lashchuk and used methamphetamine as recently as June 29, 2022. Cox further admitted to having used marijuana on or about June 20, 2022. Cox stated she started back using methamphetamine a month ago and failed to recognize the gravity of such use.

On August 9, 2022, Cox told the undersigned officer that she has been hospitalized on two occasions, once in July and again in August. However, she has failed to produce verification as requested. In fact, she states the hospital has her admitted under a different name so would not be able to produce verification.

As detailed in this petition, Cox is no longer calling the drug testing line and is not reporting for any scheduled drug tests. Cox's refusal to call and report is considered a refusal to comply with drug testing as a condition of supervision. Pursuant to 18 U.S.C. § 3583(g)(3) revocation is mandatory for refusal to comply with drug testing imposed as a condition of supervision.

Prob12C
D/NV Form
Rev. March 2017

Cox has ceased all communication with the undersigned officer. Attempts to contact Cox at the motel she reportedly was staying at have been made without success, to include leaving a business card on the door with instructions to call immediately.

Cox is a criminal history category III and has a significant history of substance abuse. She has violated myriad conditions of supervision and is unresponsive in our attempts to get into contact. Cox is considered an absconder from supervision. Based upon the offender's conduct detailed in this petition, the probation office recommends the issuance of a warrant Further, our office recommends she remain in custody pending revocation proceedings, as there is not a single condition or combination of conditions that can ensure her compliance or appearance at future court hearings.

Respectfully submitted,

Digitally signed by Nickie Pipilakis
Date: 2022.09.02 09:01:46 -07'00'

_____
Nickie Pipilakis
United States Probation Officer

Approved:

Digitally signed by Todd Fredlund
Date: 2022.09.01 15:41:27 -07'00'

_____
Todd J. Fredlund
Supervisory United States Probation Officer